Per Curiam.
This case is before us on the parties’ cross appeals of the dismissal with prejudice of all claims made by the plaintiffs, Mark and Helen Reznik, and all counterclaims filed by the defendants, Richard T. Garaffo, Avary RTG, Inc., Robert Yelton, and Bay Avary Associates, LLC. The dismissals are a culmination of needlessly protracted, convoluted, repetitive, and often frivolous procedural machinations over a three-year period in this questionable civil action that never advanced past the discovery phase.
*59 This is the second time the case has been before this Appellate Division. On February 22, 2006, we issued an opinion vacating a trial court judge’s premature imposition of sanctions and dismissal of the complaint that had been filed on November 17,2004 in the Concord District Court by Mark Reznik (“Reznik”) against Richard T. Garaffo and Avary RTG, Inc. The opinion contains a detailed discussion of the allegations underlying the action. See Reznik v. Garaffo, 2006 Mass. App. Div. 25. It also addressed concerns about Reznik’s motives and methods in connection with his lawsuit
We enter th[is] order [returning the case to the trial court] fully cognizant of the validity of the defendants contentions that Reznik was largely motivated in commencing this action by his personal animus towards the defendants, an irrelevant sentiment improperly reiterated throughout his filings in this case. It is also clear that Reznik appears to find expression for that sentiment in any procedural maneuver, however frivolous, that will increase the defendants’ attorney’s fees and litigation costs and thus redound to their financial detriment. Even beyond those considerations, the defendants make a compelling request for some relief from Reznik’s harassment.
IcL. at 30.
Despite this clear admonition, Reznik immediately resumed his intemperate filings upon the return of the case to the trial court. In the two-month period between this Division’s opinion and the April 21, 2006 case management conference, Reznik filed more than a dozen motions, memoranda, supplemental memoranda, and other documents that defy description. Included were Reznik’s motion to not reconsider an earlier denial of his first motion to amend the complaint, repeated motions to cancel the case management conference, a request for clarification as to why he was subjected to “discrimination,” and a motion to bar the defendants from responding to his motions.
On March 30,2006, the trial court clerk allowed Reznik’s motion to default the defendants. The defendants responded with a motion to remove the default and answer late, a motion to add Reznik’s wife, Helen Reznik, as a party, and a motion for leave to file an answer and counterclaims for Reznik’s (1) abuse of process, (2) intentional infliction of emotional distress, and (3) intentional interference with advantageous relations. After hearing, the court entered an order on April 21,2006 allowing the defendants’ motions, including the motion to add Helen Reznik as a plaintiff; partially allowing the defendants’ additional request for protective orders against Reznik’s discovery requests; denying Reznik’s motions for clarification, cancellation of the case management conference, and entry of judgment in his favor; and allowing Reznik’s motion to amend his complaint by adding Robert Yelton and Bay Avary Associates, LLC as defendants. The court also ordered all discovery to be completed by August 31,2006.
Between the entry of the courfs April 21, 2006 order and the parties’ next court appearance on June 2,2006, Mark Reznik and Helen Reznik (“the Rezniks”) continued filing all manner of motions, memoranda, and miscellaneous documents, including repeated motions to dismiss the defendants’ counterclaims, and even an “appearance” by Mark Reznik as “counsel” for his wife.[4]
*60 On June 2,2006, the motion judge recused himself sua sponte because of his concern about his ability to remain impartial after Mark Reznik posted defamatory statements about the judge and his wife on an internet website. The case was continued to July 14,2006 for further hearing.
The Rezniks used the intervening time to clog the docket with eight additional, often repetitive, motions, plus nine other filings including memoranda and redundant personal “statements” that were both inappropriate and inane. When the motion hearing convened on July 14, 2006, the new motion judge faced a veritable mountain of Reznik motions and statements, as well as oppositions and requests for protective orders filed by the defendants. After a motion hearing that lasted a full day, the judge issued a number of rulings from the bench, but took several matters under advisement. Included in the latter category were the Rezniks’ multiple motions to dismiss, or for summary judgment on, the defendants’ counterclaims, consideration of which the judge expressly deferred until the pretrial conference on September 15,2006. On July 18,2006, the judge issued a written Discovery Order of the Court, which mandated that: (1) depositions of the plaintiffs would be taken at the law office of the defendants’ attorney, (2) the plaintiffs would respond to the defendants’ requests for production of documents in accordance with the Rules of Civil Procedure, (3) no new discovery requests would be permitted by either party, and (4) all discovery was to be completed by September 15, 2006.
Despite the court’s order, the Rezniks filed an “emergency third motion” to dismiss the defendants’ counterclaims and a “memorandum of acts of prejudice” in the trial court. The motion judge was compelled to issue an additional written order on July 19,2006 that no action would be taken on any filings until the September pretrial conference.
Ignoring the court’s discovery and motion orders, the Rezniks filed an “emergency fourth motion” for dismissal of the defendants’ counterclaims, and an “emergency” motion to serve interrogatories and requests for production of documents in lieu of depositions. Indeed, in the fourteen-day period after the court’s July 19th order, the Rezniks filed eight additional motions, plus assorted memoranda. These included motions to “disqualify” defendants’ counsel, to cancel the September pretrial conference, to vacate the court’s April 21, 2006 orders, and to strike the defendants’ pleadings.
On August 3, 2006, in still another violation of the court’s orders, Mark Reznik filed an “emergency motion” for a protective order to prevent the defendants from deposing him, and requested an immediate hearing. On August 7, 2006, the court issued its Ruling of the Court and Second Discovery Order as to Defendants’ Motion for Protective Orders. The judge expressly warned in her August 7th order that “[a]ny party who violates any of the court’s discovery orders will be sanctioned under the M. R. C. P.” On August 11, 2006, the judge denied Reznik’s emergency motion for a protective order with respect to his appearance for the deposition scheduled on September 11, 2006. The judge noted in her ruling that both parties had agreed to the depositions as scheduled.
Despite the court’s orders, Reznik persisted in his efforts to avoid being deposed. Reznik filed a motion on August 14, 2006 for reconsideration of the court’s August 11,2006 ruling. In that motion, Reznik asserted the following: “Plaintiff firmly states that he will never, ever attend the deposition (the way it was scheduled at the office *61 of Mr. Wall) even under the threat of dismissal of his complaint.” Thereafter, in violation of the court’s orders, the Rezniks failed to appear for their scheduled depositions. In addition, instead of producing the documents requested by the defendants and ordered by the court, the Rezniks "responded” that documents would be available at the clubhouse of their condominium association, Frost Farm Village in Sudbury. The documents were not produced by the date of the pretrial conference.
On September 15,2006, the same motion judge conducted a further hearing at the Concord District Court. During the hearing, the judge addressed Reznik directly about his blatant disregard of her discovery orders. Reznik did not respond to the judge’s satisfaction. On October 23,2006, the judge ordered the dismissal with prejudice of both the Rezniks’ complaint and the defendants’ counterclaims and issued detailed written findings and rulings in support of that order.[5]
Because the judge’s dismissal of both the complaint and the counterclaims had focused exclusively on Mark Reznik’s misconduct and disobedience, the defendants filed a motion to alter or amend the judgment. The motion specifically requested (1) that the judge’s order be expanded to include specific findings that Helen Reznik had also knowingly and intentionally disobeyed the court’s discovery orders by refusing to appear at her scheduled deposition, and (2) that the dismissal of the counterclaims be vacated and a default judgment against the Rezniks on the counterclaims be entered as a sanction for their failure to make discovery. On February 5, 2007, the court denied, without comment, the defendants’ request to vacate the dismissal of their counterclaims; but allowed that part of the defendants’ motion relating to Helen Reznik, incorporating into the judge’s order the defendants’ proposed findings as to Helen Reznik’s willful violation of the court’s orders. The parties’ cross appeals followed.
It is a principle deeply imbedded in and integral to our system of justice that a judge has the inherent authority to manage her docket, including the power to impose sanctions to maintain the integrity of the judicial process. As has long been recognized, “[cjourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.” Munshani v. Signal Lake Venture Fund II, LP, 60 Mass. App. Ct. 714, 721 (2004), quoting Anderson v. Dunn, 19 U.S. (6 Wheat.) 204, 227 (1821). While this power is not unlimited, it includes the right to dismiss an action in appropriate circumstances. A court’s authority in this regard is “governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” Id., quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). In addition to this inherent authority, a judge confronted with a party who fails to obey a discov *62 ery order is permitted by Mass. R. Civ. R, Rule 37(b) (2) (C), to “make such orders in regard to the failure as are just, and among others ... rendering a judgment by default against the disobedient party.” Lastly, Mass. R. Civ. R, Rule 41 provides that a judge may, on motion of the defendant with notice, dismiss an action for failure of the plaintiff to comply with the rules of civil procedure or any court order.
In general, dismissal is a drastic sanction to be utilized only in extreme situations, such as in cases of a party’s wilful disobedience or bad faith. Keene v. Brigham & Women’s Hosp., 439 Mass. 223, 236 (2003). See also Monahan v. Washburn, 400 Mass. 126, 128 (1987); Munshani, supra at 722. Our review of any such dismissal is made on an abuse of discretion standard. See Massachusetts Broken Stone Co. v. Planning Bd. of Weston, 45 Mass. App. Ct. 738, 740 (1998). In this case, the motion judge found both a wilful violation of her orders and a pattern of bad faith by the Rezniks. In fact, the Rezniks’ pleadings were openly defiant and challenged the court to take the very action, the dismissal of their case, that they now appeal. Both the rulings of the motion judge and this Division’s February 22, 2006 opinion put the Rezniks on notice of the potential ramifications of their misconduct. There was no abuse of discretion in the judge’s dismissal of their action with prejudice.
On the other hand, there is nothing in the record to suggest that the defendants violated any court order, caused undue delay, acted in bad faith, or otherwise went astray procedurally with respect to their obligations on the counterclaims. The motion judge’s October 23,2006 and February 5, 2007 decisions addressed neither the defendants’ conduct, nor the specific counterclaims, but simply included them summarily in the orders of dismissal and final judgment. Certainly, it is understandable that the judge would endeavor to bring closure to a matter that has been characterized from the outset by nonsensical rantings, disgraceful conduct, and blatant abuse of the civil process. However, it is clear that the extraordinary amount of wasted time, effort, energy, and limited court resources directly resulting from such behavior is attributable to one party only: Mark Reznik. While it is tempting to leave untouched the judge’s action, the circumstances and the motion judge’s findings do not permit such a solution at this juncture. There was simply no basis, stated or in the record, to dismiss the defendants’ counterclaims.
Accordingly, the dismissal of the Rezniks’ complaint with prejudice is affirmed and their appeal is dismissed. The defendants’ appeal is allowed, the dismissal of their counterclaims is vacated, and the case is returned to the trial court for further proceedings on the defendants’ counterclaims. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 26, we order that the defendants’ full costs of both their appeal and their opposition to the Rezniks’ appeal shall be taxed against the Rezniks. The trial court clerk shall calculate the amount of these costs upon the defendants’ submission of the documentation required by Rule 26, and the costs shall be included in a judgment against the Rezniks and in favor of the defendants on the complaint.
So ordered.

 Mark Reznik is not a lawyer or a member of the bar, and has been the subject of two cease and desist orders by the Attorney General to prevent what appear to be his continued attempts to practice law without a license.

 The judge’s October 23,2006 findings included the following: (1) Reznik is familiar with the Massachusetts Rules of Civil Procedure, (2) Reznik uses the rules to his advantage by complying with the rules if they help his position and violating the rules if they do not help his position, (3) Reznik has a total disregard for any order of the court, (4) Reznik’s pattern of behavior is escalating, and has reached the point where he will not follow court orders even when faced with the threat of dismissal, and (5) Reznik’s defiance of court orders is flagrant, wilful, and intentional.