Coven, J.
Advanced Spine Centers, Inc. (“Advanced”) brought this action against Commerce Insurance Co. (“Commerce”) for recovery of both G.L.c. 90, §34M personal injury protection (“PIP”) payments for chiropractic treatment provided to Commerce’s insured, and G.L.c. 93A, §11 damages for Commerce’s unfair business practice in failing to pay for that treatment. On the day of trial, Advanced brought forward a motion in limine that sought to sanction Commerce for discovery violations. After argument, the trial judge ruled that the appropriate sanction was to preclude the presentation of expert testimony by Commerce and to find that Advanced had established a prima facie right to recover on both its G.L.c. 90, §34M and G.L.C. 93A, §11 claims. After hearing testimony in rebuttal to Advanced’s established prima facie case and without any evidence offered by Advanced, the trial judge found in favor of Advanced on its G.L.c. 90, §34M contract claim and assessed damages in the amount *115 of $3,861.67. The judge then doubled those damages under G.Lc. 93A, and also awarded $9,907.50 in attorney’s fees pursuant to that statute.[1] The trial court’s judgment for Advanced must be vacated.
The record indicates that on March 20, 2009, Advanced served Commerce with its summons, complaint, and requests for production of documents. Through the requests, Advanced sought any written statements of its patient, Commerce’s insured, in Commerce’s possession, plus any copies of police reports filed by Commerce’s insured and in Commerce’s possession. Advanced also sought nonpriv-ileged written statements made by Commerce’s employees relating to its insured’s loss, and written and electronic communications between Commerce and any medical professional that it engaged to review Advanced’s records and bills. To each of those discovery requests, Commerce responded: “None in the defendant’s custody, care or control.” However, in response to an additional request for copies of “all reports written by each expert in each case in which he or she testified as an expert at trial or hearing,” Commerce produced the written reports of its two proposed experts, an accident reconstructionist and a chiropractor who performed a record review of the treatment records of Advanced. The reports related only to this action; no reports from other cases were produced.
The curricula vitae (“CV”) of both experts were provided to Advanced. The medical review expert stated in his CV that he had “extensive experience with independent medical evaluations, medical records review, peer and utilization review.” The accident reconstruction expert listed in his CV the courts in which he has been qualified to give expert testimony and the names of the cases in those courts, as well as identifying names for depositions and arbitration proceedings in which he provided expert testimony. The report of the accident reconstruction expert referred to an “assignment sheet” and an “operator’s accident report signed by [Commerce’s insured]” that were delivered to the expert by Commerce for use in the accident analysis.
In its motion in limine, Advanced argued that each expert, in view of his CV, must have written reports in other cases. Pointing out that the written reports in those other cases were not provided in Commerce’s response to its discovery request, Advanced asserted that each expert should be disqualified from presenting testimony because the reports were relevant to “each expert’s qualifications and testimonial bias,” and suggested that Commerce’s lapses in discovery may have been a “shield [to] what may be harmful or [could] be used on cross-examination.” Advanced also argued that Commerce’s failure to produce the documents it provided to the accident reconstruction expert was prejudicial because, at least in the case of the accident report, it would have either helped Advanced establish its case-in-chief or provided useful information to impeach the opinion testimony of Commerce’s experts.
*116 We begin with what may appear obvious. Discovery was conducted pursuant to the Massachusetts Rules of Civil Procedure. Under Mass. R. Civ. R, Rule 34(a), a party’s request for the production of documents is limited to those documents “which are in the possession, custody or control of the party upon whom the request is served.” Advanced requested in this case the written reports of Commerce’s experts in their other cases. Commerce answered: “None in the defendant’s custody, care or control.” It may be that the only reasonable conclusion, based on each experts CV, is that there exist in the universe other written reports by these experts. But that conclusion is far different, and quite removed, from a conclusion that Commerce had those other reports in its “possession, custody or control.”[2]
But beyond this preliminary point is the fundamental flaw in the trial court proceeding, namely, the establishment of a prima facie case without an evidentiary record. Discovery “sanctions are subject to an examination under principles of due process.... Relevant factors in a due process examination include: ‘the degree of culpability of the nonproducing party; the degree of actual prejudice to the other party; whether less drastic sanctions could be imposed; the public policy favoring disposition of the case on the merits; and the deterrent effect of the sanction.’ Keene v. Brigham & Women’s Hosp., Inc., 56 Mass. App. Ct. 10, 21 (2002), S.C., 439 Mass. 223 (2003)” Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91, 94. “Although Rule 37 (b) (2) (C) specifically allows the sanction of default, the rule sets out the following more limited sanctions for discovery violations: (1) designating that the matter sought in discovery be admitted; (2) the entry of an order preventing a party from supporting or opposing a claim or defense; (3) the entry of an order preventing the admission of designated material into evidence; (4) the striking of pleadings or parts of pleadings; (5) the entry of the stay of the proceedings; and (6) the award of reasonable attorney’s fees caused by the discovery failure.” Id. at 94 n.9. “The reasonableness of a sanction should be ‘measured against the pertinence of the requested documents.’ Shapiro v. Public Serv. Mut. Ins. Co., 19 Mass. App. Ct. 648, 659 (1985) .’’Mat 94.
It is incumbent upon a party to resolve discovery disputes prior to the date of trial by way of a motion to compel. Mass. R Civ. R, Rule 37(a). In this case, there was, at most, a failure by Commerce to produce an assignment sheet and its insured’s accident report.[3] It may be that Commerce’s failure in this respect was deserving of some level of sanction. For example, if the trial judge thought Commerce’s failure to provide Advanced with the documents given to Commerce’s reconstruction expert *117 warranted a sanction, preclusion of that expert from testifying may have been appropriate. Mattoon v. City of Pittsfield, 56 Mass. App. Ct. 124, 134 (2002). And this would be true where the trial judge accepted that the nonproduction was a surprise discovered during trial preparation following the close of discovery, even if Advanced had not sought a pretrial order to compel compliance with its discovery request. Id. at 132. The actual sanction imposed in this case, however, violated the principles of due process.
The trial courfs judgment for the plaintiff is vacated, and the case is returned to the Lowell Division of the District Court Department for a new trial on all complaint counts.
So ordered.

 At the close of the case, counsel for Advanced did file an affidavit in support of Advanced’s attorney’s fees request with the court. The trial judge dismissed two other complaint counts. The first would appear to have been duplicative of the G.L.c. 93A,' §11 claim; the other involved a restraint of trade claim. Advanced has not appealed the dismissal of these claims.

 It has not been argued that the presumed other written reports are within the control of Commerce because they are reports authored by its experts. Moreover, it was not demonstrated at the hearing that the experts retained any written reports drafted for other cases.

 Based on our review of the record, it appears that “a summary from A1 Crowley (Commerce SUI),” which was reviewed by Commerce’s review examiner, may not have been disclosed. Because this was not included in the motion in limine and there was no previously filed motion to compel, we are unable to make any judgment on the import of that document.