Brennan, J.
Plaintiff Michael Provenzano (“Provenzano”), a chiropractor, filed this G.L.c. 90, §34M action to recover $1,763.00 in Personal Injury Protection (“PIP”) payments from defendant Arbella Mutual Insurance Company (“Arbella”) for medical services he provided. After a jury-waived trial, the judge found for Provenzano on Count IX of the complaint and assessed damages in the full amount of the PIP payments sought, plus statutory costs, interest and attorney’s fees in the amount of $5,250.00. On this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal, Arbella claims error in the trial judge’s denial of its motions for involuntary dismissal and of various requests for rulings of law.[1]
The trial evidence consisted solely of documentary evidence. Without objection from Arbella, Provenzano submitted the following four exhibits: (1) Arbella’s answers to interrogatories numbers 1, 2, 3, 4, 5A, 5B and 9, together with the preamble defining the terms used in the interrogatories; (2) Proven-zano’s medical bills and records relating to this case, with an accompanying G.L.c. 233, §79G affidavit; (3) a certified copy of a Massachusetts Automobile Insurance Policy; and (4) an affidavit of attorney’s fees. After Provenzano rested his case, Arbella filed a Mass. R. Civ. P., Rule 41(b) (2), motion for involuntary dismissal, which was denied. Arbella then offered those parts of its answers to interrogatories not submitted by Provenzano and rested. At the close of the evidence at that point, Arbella renewed its motion for involuntary dismissal, and Provenzano filed a motion for a required finding. Both motions were denied. Arbella then filed requests for rulings of law and findings of fact, and Provenzano filed similar Mass. R. Civ. R, Rule 64A(b) (2), requests for rulings of law. The trial judge acted on both parties’ requests for rulings, but declined to act on Arbella’s requests for factual findings. See Bottone v. DeFreitas, 2006 Mass. App. Div. 57.
The parties’ dispute involves a Massachusetts automobile insurance policy issued by Arbella to Angelo M. Urena (“Urena”) for a 1990 Honda Accord. The policy was in effect from April 26, 2002 to April 26, 2003, and included $8,000.00 in PIP coverage. On December 30, 2002, Arbella was notified that Richard Andujar (“Andujar”) was injured in a motor vehicle accident on December 14, 2002 while riding as a passenger in Urena’s Honda Accord. *47 Arbella received a signed PIP application and health insurance affidavit from Andujar sometime between March 10, 2003 and October 3, 2003. The health certification, signed and dated March 10, 2003, indicated that Andujar did not have medical insurance coverage. On March 3, 2003, Arbella received bills from Provenzano for the treatment he provided to Andujar between December 18, 2002 and January 31, 2003, the six-week period following the automobile accident. None of these medical bills was paid by Arbella.
Arbella’s appeal is predicated on the contention that there was insufficient evidence as a matter of law to support a finding in favor of Provenzano. The relevant standard for assessing the sufficiency of the evidence is whether, construing the evidence and all reasonable inferences therefrom in the light most favorable to Provenzano, any combination of circumstances could be found to support his claim. Mullins v. Pine Manor Coll., 389 Mass. 47, 56 (1983); Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48.[2] Proof of Provenzano’s claim required evidence that (1) an accident occurred, (2) Andu-jar’s injuries and his related treatment by Provenzano were causally related to the accident, (3) a Massachusetts automobile liability policy issued by Arbella and covering the vehicle involved in the accident was in effect on the accident date, and (4) there are unpaid amounts due to Provenzano for the treatment he provided. We address each of these elements in succession.
Arbella’s first contention is that there was insufficient evidence for the trial judge to find that an accident occurred. However, Provenzano’s medical records, admitted without objection as part of his trial exhibit #2, state: “Mr. Richard Andujar presented four days post trauma ... complaining of acute injuries sustained in a motor vehicle accident occurring on December 14, 2002.” Arbella’s assertion that this “second level hearsay” was improperly considered as evidence of an accident is incorrect.
“It is well established that hearsay evidence admitted without objection may be considered by the [fact finder] and may be given any probative value it possesses.” Commonwealth v. Stewart, 398 Mass. 535, 543 (1986). Since there was no objection to the introduction of this evidence, nor any request that it be admitted for a limited purpose, the trial judge was entitled to give it full probative weight. This evidence was adequate to permit the trial judge to find that Provenzano’s patient, Andujar, was involved in an automobile accident.
Arbella also claims error in the court’s finding that Provenzano treated Andujar for injuries causally connected to the accident. Arbella asserts that the medical records admitted under G.L.c. 233, §79G do not contain an opinion relative to the proximate cause of Andujar’s injuries. A review of the trial record, however, reveals that this argument is without merit. Appended to Provenzano’s bills and office notes as part of .his exhibit #2 is an affidavit containing the following statement: “Attached hereto are my reports, office notes, records and bills for Richard Andujar. A1 of the treatment was necessary, causally related to the patient’s accident of 12/14/02. ...” To the extent that Arbella complains that this affidavit is not a report of an examination as required by §79G and should .not have been considered by the trial judge, the answer is, once again, that it was admitted without objection or request for limitation. Thus, the information contained in the affidavit is admissible for its truth. Commonwealth v. Stewart, supra at 543. There was sufficient evidence on the *48 issue of causation to support the trial judge’s denial of Arbella’s requests for rulings nos. 8, 9 and 10.[3]
Arbella’s third contention is that Provenzano failed to demonstrate that a Massachusetts automobile liability policy issued by Arbella was in effect on the date of the accident, and that the accident was covered under the policy. Arbella’s answers to Provenzano’s interrogatories constitute the primary proof on this issue. Specifically, Arbella’s answers to interrogatories no. 1 and no. 2 supplied a sufficient basis for the trial courts finding. Those interrogatories and answers read as follows:
1. Was the defendant automobile insurance carrier providing Personal Injury Protection coverage under a Massachusetts Automobile Insurance Policy for the injured person with regard to the accident alleged in the complaint?
A Defendant states that Arbella Mutual Insurance Company issued a Massachusetts Automobile Insurance Policy to Angelo M. Urena insuring a 1990 Honda Accord which policy was in effect on December 14,2002.
2. If the answer to the previous interrogatory was in the affirmative, please state the policy number, the effective dates of coverage, the limits of coverage, whether there was any deductible on the Personal Injury Protection coverage (and the terms thereof); and the verbatim terms and conditions of such policy as they relate to Personal Injury Protection coverage (you may satisfy this request by attaching copies of the declarations page and the policy insuring the said patient).
A. The policy was in effect from April 26, 2002 to April 26, 2003, Policy No. HB 608, coverage $20,000/$40,000 bodily injury; $8,00 PIP.
Answers to interrogatories, if properly admitted at trial, are evidentiary admissions that may be considered by the fact finder. See Mass. R. Civ. P., Rule 33(b); Federico v. Ford Motor Co., 67 Mass. App. Ct. 454, 460-461 (2006). By its ¿ill, unequivocal response to interrogatory no. 2, Arbella acknowledged that its answer to interrogatory no. 1 was “in the affirmative.” Thus, the trial judge had evidence, to which he was free to give whatever weight he deemed appropriate, that the “defendant automobile insurance carrier [was] providing Personal Injury Protection coverage under a Massachusetts Automobile Insurance policy for the injured person [Andujar] with regard to the accident [of 12/14/02 for which Richard Andujar made a claim for PIP benefits] alleged in the complaint.”[4] This was sufficient to support a conclusion that the accident at issue was covered by an appro *49 priate policy issued by Arbella and in effect at the relevant time.[5]
Lastly, Arbella argues that Provenzano failed to offer proof that his bills were unpaid at the time of trial. Arbella concedes that there was ample evidence in the record that Provenzano’s bills were not paid as of the commencement of the suit, but asserts that Provenzano was required to submit evidence that they remained so on the trial date of January 6, 2006. Arbella further contends that its response to interrogatory no. 5 that it did not pay any of the bills, admitted into evidence at trial, is insufficient since there is the possibility that Andujar paid Provenzano. This argument is indeed specious, as Provenzano suggests. Clearly, the trial judge could rely on the bills submitted by Provenzano in conjunction with Arbella’s admission in response to interrogatories that Arbella had paid nothing on those bills. See Brito v. Liberty Mut. Ins. Co., 44 Mass. App. Ct. 34, 38-39 (1997). The possibility that the bills were paid by another person or entity is speculative, and, in any event, is an affirmative defense not pleaded or proved by the defendant. Mass. R. Civ. P., Rule 8(c); Community Builders, Inc. v. Indian Motocycle Assocs., 44 Mass. App. Ct. 537,553 (1998). Moreover, since the issue of third-party payment was neither argued to the trial judge, nor specifically raised in Arbella’s motions for dismissal and requests for rulings, it is waived. Bohorquez v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 226, 229.
In sum, the record supports the trial judge’s rulings on Arbella’s motions for involuntary dismissal and proposed conclusions of law.[6] There was no error in the trial court’s judgment in favor of Provenzano. Accordingly, the trial court’s judgment for the plaintiff is affirmed. Under the mandate of G.L.c. 90, §34M, an award of appellate attorney’s fees is appropriate in this case, and plaintiff’s counsel shall submit the required affidavit to this Division.
So ordered.

 The only issues raised on this appeal relate to the trial judge’s denial of requests for rulings nos. 1,2, 6-10,24 and 25.

 The same standard governed the disposition of Arbella’s requests nos. 1, 2, 7, 8 and 25, each of which sought, in varying terms, a ruling that Provenzano had failed to sustain his burden of proof and, thus, had no right to relief.

 Request no. 8 states: “There has been no evidence offered or received which would warrant a finding that medical expenses presented by the plaintiff were reasonable and necessary and incurred as a proximate result of an accidental loss.” Although not specifically raised by Arbella on this appeal, it is well-settled that the question of reasonableness and necessity of treatment “depends solely upon the trial court’s assessment, as the finder of fact, of the weight and credibility of the evidence.” Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 73. Requests nos. 9 and 10 assert, respectively, that the plaintiff has “completely” failed to offer evidence that Andujar’s medical treatment was causally related to accidental loss, and that it has “not submitted any competent medical evidence causally relating said treatment to the alleged subject motor vehicle accident....”

 The preamble to the interrogatories defined “injured person” and “patient” as Richard Andujar, and “accident” as the automobile accident of December 14, 2002 for which Richard Andujar made a claim for PIP benefits.

 This conclusion also supports the trial court’s denial of request for ruling no. 24, which states, in part, “[pjlaintiff has failed to present any evidence that a covered loss took place....”

 Although tiie denial of request for ruling no. 6 (“The plaintiff’s medical provider’s rights are wholly dependent on the insured’s rights against the insurance company”) was in error, see Arbit Chiropractic v. Commerce Ins. Co., 2001 Mass. App. Div. 208, 209 n.2, Arbella was not prejudiced by this ruling.