Coven, J.
Finding that the defendants were liable for unpaid advertising charges, the jury in this case returned a verdict in favor of the plaintiff in the amount of $21,413.03. The sole issue on this appeal by the defendants is whether the plaintiff introduced sufficient evidence to establish that it had been assigned the advertising contracts entered into by the defendants and was, thus, entitled to recover in this action for the defendants’ breach.
The plaintiff commenced this suit to recover unpaid charges for advertising provided to Debonaire Academy of Beauty Culture, Inc., d/b/a Bojack Academy of Beauty Culture, Bo Jack’s of G.C., Ltd., d/b/a Bojack Academy of Beauty Culture,[4] and Joseph T. Morrissey.[5] At the conclusion of the plaintiff’s case and again at the close of all the evidence, the defendants moved for a directed verdict on the ground that there was insufficient evidence that the party with whom they had contracted, Yellow Book of New York, Inc., had assigned its rights under the advertising agreements to the plaintiff. The defendants’ directed verdict motions were denied.
In reviewing the denial of a Mass. R. Civ. P., Rule 50, motion for a directed verdict, “the standard to be employed is whether ‘the evidence, construed against the moving party, justif [ies] a verdict against him.’” Bonin v. Chestnut Hill Towers Realty Corp., 392 Mass. 58, 59 (1984), quoting D’Annolfo v. Stoneham Hous. Auth., 375 Mass. 650, 657 (1978). The denial of a Rule 50 motion must be upheld if “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [non- *14 movant].” Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 121 (1992).
The defendants focus on the testimony of the plaintiff’s custodian of the records who, when asked whether it was Yellow Book of New York, Inc. or Yellow Book USA, Inc. that assigned its contractual rights to the plaintiff, answered in the affirmative. The defendants argue that because the question was framed in the disjunctive, the custodian’s answer did not specifically identify which entity assigned its contractual rights and, thus, that the plaintiff failed to establish that it had received an assignment from Yellow Book of New York, Inc., the entity with which the defendants had contracted. The defendants also direct our attention to the Assignment and Assumption Agreement, which lists only Yellow Book USA, Inc. and the plaintiff as the parties to the agreement
The defendants overlook the fact that the advertising agreements specifically state that the defendants were contracting for advertising with Yellow Book USA, Inc. or Yellow Book of New York, Inc. More significantly, the defendants’ argument ignores the unrefuted testimony of the plaintiff’s custodian of the records that Yellow Book of New York, Inc., the party with whom the defendants claim to have contracted, was assigned to Yellow Book USA, Inc. and, thereafter, to the plaintiff. That evidence warranted a finding that the contractual rights of Yellow Book of New York, Inc. against the defendants were assigned to the plaintiff, and that the plaintiff was the proper party to commence this suit and to obtain judgment against the defendants for the advertising costs they refused to pay.
Judgment affirmed. Appeal dismissed.
So ordered.

 The advertising agreements at issue list Bojack Academy of Beauty Culture as the contracting party.

 The plaintiff proceeded against Joseph T. Morrissey upon his personal guaranty of the advertising contracts.