Greco, RJ.
The plaintiff, Michael Kaplan, D.C. (“Kaplan”), a chiropractor, sought in this action to recover from the defendant, Plymouth Rock Assurance Corporation (“Plymouth Rock”), Personal Injury Protection (“PIP”) benefits for treatment he provided to one Anziani (“Anziani”).[1] After a jury-waived trial, the court entered judgment for Plymouth Rock, and Kaplan filed this appeal. There was no testimony at the trial. Instead, the parties elected to present only documentary evidence.
To prevail, Kaplan had to prove initially that his treatment of Anziani related to injuries Anziani suffered in an automobile accident for which Plymouth Rock was obligated to pay PIP benefits. See G.Lc. 90, §34M; Provenzano v. Arbella Mut. Ins. Co., 2007 Mass. App. Div. 46, 47. Plymouth Rock denied coverage. Since Anziani did not testily, Kaplan was forced to satisfy his burden in some other way. He argued at trial, and now argues on this appeal, that his burden was satisfied by the inclusion of a memorandum by Plymouth Rock’s attorney in support of Plymouth Rock’s unsuccessful motion for summary judgment. The memorandum, Kaplan contends, contained judicial admissions establishing the connection of Kaplan’s treatment to the *161 motor vehicle accident. That memorandum, under the heading “Statement of Undisputed Material Facts,” stated:
The following facts are undisputed for purposes of this motion only:
1. Plaintiff Michael Kaplan is a chiropractor licensed to practice in the Commonwealth of Massachusetts....
2. Dr. Kaplan rendered chiropractic services to Leonte Anziani in treatment of injuries that Mr. Anziani received in a motor vehicle accident....
3. The accident occurred on June 6,2002.
4. At the time of the accident, Mr. Anziani was driving a 1993 Ford Econoline van owned by the Atlantic Bay Contracting Company, Inc.
The motion filed by Plymouth Rock sought summary judgment on three specific grounds, to wit, that Anziani “failed to show for his examination under oath and has waived his PIP claim,” that “Anziani was entitled to Workers Compensation benefits for the same injury that was treated by Dr. Kaplan,” and that “Anziani was operating Atlantic Bay Contracting’s vehicle without permission at the time of the accident.” The motion for summary judgment was denied.
As stated in M.S. BRODIN & M. AVERY, MASSACHUSETTS EVIDENCE (8th ed. 2007), “[sjome acts and statements of a party or his attorney” can be considered “judicial admissions.” Id. §2.2, at 32. If so, “[tjhey are unlike evidentiary admissions in that because they conclusively determine an issue they relieve the other party of the necessity of presenting evidence on it. Moreover, they usually deprive the parties of the right to present evidence on the admitted point, although the trial court in its discretion may permit evidence to be introduced.” Id. We conclude, however, that the statements relied on by Kaplan cannot be deemed to be such admissions.[2]
In Linthicum v. Archambault, 379 Mass. 381 (1979), the Supreme Judicial Court noted that “[a] litigant pleading inconsistent or alternative defenses under [Mass. R. Civ. R, Rule] 8(e) (2) ‘does not thereby run the risk of being held to have unwittingly pleaded himself into a... judgment.’ (Citation omitted.) Therefore, alternative or inconsistent pleadings may not be used as binding judicial admissions.” Id. at 386. In Linthicum, the “defendant admitted [a] contract was a ‘consumer contract’ for purposes of the breach of implied warranty claim but specifically denied the allegations contained in the plaintiff’s complaint concerning G.L.c. 93A....” Id. at 385. In the case before us, the statements on which Kaplan relies were not made in a pleading, or in any affidavit accompanying the motion for summary judgment, but were made in a memorandum in support of that motion that presented alternative bases to support a judgment in favor of Plymouth Rock.
*162 Moreover, the statement of facts in the memorandum was qualified, that is, the facts were undisputed “for purposes of [the summary judgment] motion only.” In essence, counsel was contending that a trial was unnecessary even if Plymouth Rock was the PIP carrier in this situation because Plymouth Rock was not obligated to pay benefits on any one or more of the following grounds: Anziani had waived any right to such benefits, workers’ compensation benefits were available to cover treatment for any injuries, or Anziani was operating the vehicle in question without the owner’s permission. Thus, counsel’s statements were not express statements of fact; they were not “deliberate, clear and unequivocal.” Sherman v. Merit Office Portfolio, Ltd., 106 S.W.3d 135, 140 (Tex. App. 2003). Cf. Soo Line R.R. v. St. Louis Southwestern Ry., 125 F.3d 481, 483 (7th Cir. 1997) (“[judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible” [emphasis supplied]). Finally, see Turners Falls Ltd. Partnership v. Assessors of Montague, 54 Mass. App. Ct. 732 (2002), where the Appeals Court noted that “a stipulation by a party’s lawyer” is “[a]n example of a judicial admission,” but cautioned that “[e]ven then, the party-admission principle is not rigorous. The judge generally may consider whether the admission was the consequence of inadvertence. ...” Id. at 737.
In the case at bar, when the parties indicated how they proposed to proceed, the trial judge stated that “this business of filing pleadings and making these statements is a little troubling to [him].” Asked by Kaplan’s attorney to clarify his comment, the judge replied: ‘The fact that using pleadings and making admissions and making statements, undisputed facts, coming in and then on the day of trial everything changes. And they — they’re going to be admitted as full exhibits, and I may look at the weight. I’ll consider the context in which these admissions were made as they go to weight.” Neither counsel objected to this statement of intent. Based on his subsequent ruling, the trial judge clearly chose not to bind Plymouth Rock to the qualified and limited rendition of the facts by its attorney.
Kaplan also claims that the trial court erred in admitting, from among the mass of materials submitted to the court, his opposition to Plymouth Rock’s motion for summary judgment along with its numerous attachments. There is no indication, however, that the trial judge relied on any of those attachments in arriving at his decision. This case turned on whether there was any evidence that Kaplan’s treatment of Anziani related to injuries suffered in an accident for which Plymouth Rock was obligated to pay PIP benefits. Nothing in Kaplan’s opposition, or its attachments, provided any evidence on this critical issue. As discussed above, without Anziani’s testimony, Kaplan was forced to argue that judicial admissions made by Plymouth Rock through its attorney satisfied Kaplan’s burden to produce such evidence — an argument rejected by the trial court and this Division. There was no error.
Finally, Kaplan argues that the trial judge erred in denying his request for a ruling that the evidence warranted a finding for him on his G.L.c. 90, §34M count. On reconsideration, however, the judge properly allowed the request, with the notation that he “did not so find.” It is not clear why the request was initially denied outright. The judge may have realized that there was something in the mass of materials presented to him in this “trial by documents” that may have theoretically supported a *163 finding for Kaplan, even though the judge gave it no credit or weight. Whatever the reason, the revised ruling was appropriate.
The judgment of the trial court is affirmed. That being the case, we need not reach any issues raised by Plymouth Rock on its cross appeal.
So ordered.

 The complaint did not identify Kaplan’s patient.

 Compare the concept of judicial estoppel, which “precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding.” Otis v. Arbella Mut. Ins. Co., 443 Mass. 634, 640 (2005), quoting Blanchette v. School Comm. of Westwood, 427 Mass. 176, 184 (1998). However, “[¡Judicial estoppel is not a principle that automatically prohibits a party from the rather unexceptional practice of assuming inconsistent positions in the same litigation as the facts and the state of the law evolve or as a party changes counsel” (emphasis supplied). A.H. v. M.P., 447 Mass. 828, 845 (2006).