Swan, J.
Gina Salvi (“Salvi”) was injured in a car accident on May 6,2006. The car was owned by Enterprise Rent-A-Car Company of Boston, Inc. (“Enterprise”), which self-insured under a standard Massachusetts automobile policy. Salvi received treatment for her injuries from Advanced Spine Centers, Inc., d/b/a First Spine & Rehab (“Advanced Spine”). As an unpaid party, Advanced Spine sued Enterprise for Personal Injury Protection (“PIP”) benefits under G.L.c. 90, §34M, and for damages for violations of G.L.c. 93 and c. 93A After a jury-waived trial, judgment was entered for Advanced Spine. Enterprise has appealed, claiming that the trial court erred as a matter of law in finding that Enterprise offered insufficient evidence of notice to Salvi to establish its defense of noncooperation.
The trial judge issued detailed written findings of fact, which are supported by the evidence. On May 6,2006, Salvi retained Attorney Jeffrey Levine (“Levine”). On May 30, she submitted a claim for PIP benefits to Enterprise, which hired Elco Administrative Services (“Elco”) to administer the claim. Elco hired Scope Medical *118 of Stoneham (“Scope”) to conduct an independent medical examination (“IME”) of Salvi. In a letter dated June 21, 2006, Scope advised Elco’s adjuster handling the claim, Jennifer Connolly (“Connolly”), that Elco had scheduled an IME for Salvi on July 6 by sending a letter to her. The letter from Scope to Connolly quoted the substance of the letter from Scope to Salvi. On July 6,2006, Scope wrote to Connolly that Salvi had not appeared for the IME. That same day, Scope sent a second letter to Connolly advising her that another letter had been sent by Scope to Salvi rescheduling the IME for July 18. The latter letter, too, quoted the substance of the letter Scope sent to Salvi. On July 18, Scope notified Connolly that Salvi had not appeared for the rescheduled IME. On July 19, Connolly wrote to Levine that Elco had been informed by Scope of Salvi’s failure to appear for two IMEs and that the PIP claim was denied. She also wrote directly to Salvi, denying the claim. The court noted that none of the witnesses had personal knowledge that either notice scheduling the IME had been sent to Salvi. The court further noted that no copies of the actual letters that were quoted in the correspondence to Connolly as having been sent by Scope to Salvi were offered or received into evidence.
The trial judge found that Advanced Spine had established the four elements of its PIP case, namely, “that (1) an accident occurred, (2) [the injured party’s] injuries and [her] related treatment by [the unpaid party] were causally related to the accident, (3) a Massachusetts automobile liability policy issued by [Enterprise] and covering the vehicle involved in the accident was in effect on the accident date, and (4) there are unpaid amounts due to [the unpaid party] for the treatment [it] provided.” Provenzano v. Arbella Mut. Ins. Co., 2007 Mass. App. Div. 46, 47. As for the noncooperation defense, the judge wrote, “The Court finds insufficient evidence of notice to Ms. Salvi to establish a noncooperation defense,” and entered judgment for Advanced Spine.
“Noncooperation of an injured party shall be a defense to the insurer in any suit for [PIP] benefits....” G.L.c. 90, §34M. To establish that defense, Enterprise needed to prove that it or its agent had sent a notice to Salvi that an IME had been scheduled and that she did not appear for the IME. Enterprise faults the judge’s finding of insufficient evidence supporting the noncooperation defense. In the past, we have reiterated a long-standing rule:
Our role is strictly limited. ‘An appellate court will set aside ... findings only if they are “unsupported by the trial evidence or tainted by error of law.’” North Shore Chiropractic v. Norfolk & Dedham Group, 2010 Mass. App. Div. 180, 181, quoting Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. Such findings must be ‘clearly erroneous’ and regard must be given ‘to the opportunity of the trial court to judge the credibility of the witnesses.’ Mass. R. Civ. R, Rule 52(c). ‘So long as the judge’s account is plausible in light of the entire record, an appellate court should decline to reverse it.’ Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 510 (1997).
Cardoso v. Law Offices of Martin C. Liu & Assocs., PLLC, 2011 Mass. App. Div. 102, 106. The judge properly admitted into evidence the two Scope letters to Connolly quoting notices sent to Salvi scheduling the IMEs, and then, as fact finder, gave *119 them such weight as he thought they deserved. “The mailing, postage prepaid (see Eveland v. Lawson, 240 Mass. 99, 103), of a properly addressed letter is prima facie evidence of its receipt by the addressee_” Anderson v. Town of Billerica, 309 Mass. 516, 518 (1941). The letters were evidence of correspondence from Scope to Connolly, but the judge was not obligated to find therefrom that Scope, as a matter of fact, had sent notices to Salvi. Without copies of the actual notices to Salvi, or a percipient witness to such notice giving, the judge indicated by his finding that he was not persuaded of the fact of notification by a preponderance of the evidence.
Perhaps the judge should have used those words, given the issue presented on appeal. The crux of Enterprise’s claim of error is that the judge’s finding, by its phrasing, constituted a ruling that Enterprise’s evidence of notice was insufficient as a matter of law, and is therefore appealable and reversible. We read the judge’s wording differently. Had the judge meant that he was so ruling as a matter of law, he would no doubt have said so, or could, in the alternative,, have used the language suggested by former Mass. R Civ. P., Rule 64A, repealed effective March 1, 2008, that the evidence did not warrant a finding that notice had been sent. He said neither. His words were couched not as a ruling of law but as a finding of fact, and we treat it as such. In accordance with well-settled law, that finding will not be disturbed on this appeal.
Judgment affirmed.
So ordered.