Coven, J.
Advanced Spine Centers, Inc. (“Advanced Spine”) brought this action against Commerce Insurance Company (“Commerce”) to recover personal injury protection (“PIP”) payments pursuant to G.L.c. 90, §34M for chiropractic treatment it provided to Commerce’s insured, and damages for Commerce’s alleged violations of G.L.c. 93A, §11, G.L.C. 176D, and G.L.c. 93, §12. On the day of trial, Advanced Spine withdrew its G.L.c. 90, §34M claim. It also filed a motion in limine, in lieu of a trial, to establish conclusively its G.L.c. 93A, §11 claim as a sanction for Commerce’s discovery violation in its late disclosure of an investigative report. The motion was allowed. An assessment of damages hearing was later held, and judgment awarding treble damages, costs, and attorney’s fees was entered for Advanced Spine.
The principal issue on this appeal by Commerce is whether the sanction imposed for its late disclosure of the report was an abuse of the court’s discretion. Commerce also asserts error in the court’s award of treble damages, denial of its summary judgment motion, and failure to award it the attorney’s fees and costs associated with its defense of Advanced Spine’s G.L.c. 90, §34M claim. We conclude that the motion judge erred in the sanction it imposed on Commerce and, as a result, that the court’s judgment must be vacated. We also rule that the claim of error in the denial of summary judgment is moot, and affirm the ruling that Commerce is not entitled to its attorney’s fees and costs in opposing Advanced Spine’s G.L.c. 90, §34M claim.
On April 17, 2009, Advanced Spine filed its complaint in this action.[1] The record *92 indicates that Advanced Spine, a provider of chiropractic services, treated Commerce’s insured from July 8, 2008 to January 5,2009 for injuries allegedly arising out of a motor vehicle accident on July 1, 2008. Advanced Spine billed $5,955.00 for the chiropractic services it rendered. Commerce submitted those bills for a medical record review by another chiropractor[2] and, as a result of the review, made payment in the amount of $2,320.00 on March 10, 2009 for services provided by Advanced Spine through August 21, 2008. Subsequent to the filing of this suit, Commerce made additional PIP payments, in the amount of $3,155.25,[3] to other providers, and paid an additional $466.22 to Advanced Spine on August 21, 2009 for services it provided to Commerce’s insured from September 3, 2008 to September 11, 2008. The order in which bills were submitted is not shown in the record before us. As of the last payment on August 21,2009, Commerce paid $8,000.00 in benefits, thereby exhausting all PIP benefits available to its insured.[4] Based on that exhaustion of PIP benefits, Commerce moved for summary judgment on April 26,2010. The motion was denied, after hearing, on May 6,2010.
On May 19, 2010, the trial date, Advanced Spine withdrew its G.L.c. 90, §34M claim[5] and filed a motion in limine to establish its G.L.c. 93A, §11 claim as a sanction for Commerce’s production the prior day, at approximately 3:00 PM, of a twelve-page investigator’s report. Advanced Spine noted in its motion that, more than a year earlier, it had requested investigator reports in discovery, and that Commerce’s failure to comply timely with its discovery request had “deprived [Advanced Spine] of any meaningful opportunity to prepare its c. 93A case, to obtain discovery on the inves *93 tigation, to meaningfully review the documentation, or if warranted after review of the documentation, to subpoena the investigator and any heretofore undisclosed and unknown documents related to the investigation.” In a pretrial-memorandum dated May 11, 2010, Commerce had listed as a witness the investigator whose report it then withheld from Advanced Spine until the very eve of trial.
In oral argument on the motion in limine, counsel for Advanced Spine indicated that his schedule did not allow him an opportunity to prepare the case in light of the investigator’s report disclosed only the previous day. Counsel for Commerce informed the judge that the report was withheld as work product, and ultimately disclosed only out of an “abundance of extreme caution.” Referring to “transcripts and ... recorded statements,” Commerce added that “the sum and substance” of what was contained in the report had been provided in discovery, and later referred to “claims notes” that had been provided. Based on this level of detail, and recognizing that Advanced Spine was requesting an “extreme” and a “drastic” sanction, the judge allowed the motion in limine and requested the filing of a motion for assessment of damages.
The investigator’s report, which we have reviewed, contains statements made by Advanced Spine’s patient, Commerce’s insured, and her husband about the accident, and details the history of the actions taken by the investigator. The report notes that the attorney for Advanced Spine’s patient did not allow the investigator to question her on the issue of injuries. It contains no opinion on the reasonableness of the treatment Advanced Spine provided.
The motion for assessment of damages was filed and, after hearing on June 2, 2010, allowed. The record does not reflect what evidence, if any, was presented other than supporting documentation for attorney’s fees.[6] Commerce did argue that there was no evidence that would support the trebling of damages.
It is clear, as Advanced Spine argues, that Commerce violated Mass. R. Civ. R, Rule 26(b)(5)[7] in failing to list the investigator’s report as being withheld as its alleged work product when it responded to Advanced Spine’s discovery request. Given Commerce’s failure to comply with Rule 26(b) (5), the existence of the investigator’s report may not have been known to Advanced Spine. Thus, contrary to Commerce’s attempt to blame Advanced Spine, a motion to compel its production could not have been filed since a party cannot move to compel the production of what is not known to exist. Further, we recognize that a trial judge is given wide discretion in sanctioning a party for discovery violations. Global Investors Agent Corp. v. National Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 820 (2010).
*94 Yet sanctions are subject to an examination under principles of due process. Gos v. Brownstein, 403 Mass. 252, 257 (1988). The report was ultimately produced, albeit in the eleventh hour. And this is not a case in which there was a failure to comply with an existing Mass. R. Civ. P., Rule 37 discovery order. Relevant factors in a due process examination include: “the degree of culpability of the non-producing party; the degree of actual prejudice to the other party; whether less drastic sanctions could be imposed; the public policy favoring disposition of the case on the merits; and the deterrent effect of the sanction.” Keene v. Brigham & Women’s Hosp., Inc., 56 Mass. App. Ct. 10, 21 (2002), S.C., 439 Mass. 223 (2003).[8] Cf. Short v. Marinas USA Ltd. Partnership, 78 Mass. App. Ct. 848, 853 & n.7 (2011) {Keene factors not relevant where a discovery order is violated and violation results from fault, bad faith, or wilfulness). The judge’s action in this case did not comport with the requirements of due process. Commerce’s eleventh hour production unquestionably warranted a serious examination of Commerce’s conduct and its degree of fault as well as the imposition of an appropriate sanction. Our opinion is not to be understood to condone Commerce’s tactics. But there is nothing in the record that indicates, first, a consideration of even the relevance of the investigator’s report. It appears that Commerce did not pay Advanced Spine for all of its services because, after a medical review, it determined that some of the services were not necessary, and because PIP benefits had been exhausted. The investigator’s report addressed neither of these issues. There existed a disconnect between the report and the reason for nonpayment. Further, the report does not advance Advanced Spine’s G.L.c. 93A claim. The reasonableness of a sanction should be “measured against the pertinence of the requested documents.” Shapiro v. Public Serv. Mut. Ins. Co., 19 Mass. App. Ct. 648, 659 (1985). Finally, nothing in the record supports a finding that the judge weighed any lesser sanctions[9] or considered the strong judicial policy favoring a trial on the mer *95 its. Monahan v. Washburn, 400 Mass. 126, 129 (1987). The judge articulated no reason for finding that the deterrent effect of imposing the “extreme” or “drastic” sanction was warranted.
Moreover, the award of treble damages pursuant to G.L.c. 93A, without any evi-dentiary support, also violated principles of due process. There was nothing in the complaint to justify the award of punitive damages. At best, the complaint alleged that Commerce insured Advanced Spine’s patient, medical treatment was provided by Advanced Spine to Commerce’s insured for injuries suffered in an automobile accident for which PIP benefits were available, and Commerce did not reimburse Advance Spine for the services it provided. In these circumstances, it remained the burden of Advanced Spine to present evidentiary support at the assessment hearing to support a finding that Commerce violated G.L.c. 93A and that the violation was wilful and knowing.
We turn to the remaining claims. As noted, Advanced Spine withdrew its G.L.c. 90, §34M claim on the scheduled trial date. The withdrawal of the claim renders moot Commerce’s argument that the court erred in denying its motion for summary judgment on that claim.[10]
The withdrawal of the claim did, however, prompt Commerce to file a motion for attorney’s fees and costs associated with its defense of the claim. Commerce argues that principles of equity should allow it to recover these costs where the summary judgment motion, in part, was based on exhaustion of benefits. Advanced Spine opposed the motion, and, thereafter, on the date of trial, withdrew its §34M claim on the basis that Commerce would be able to sustain its burden of proving that PIP benefits had been exhausted.[11] But as Commerce acknowledges, “Massachusetts generally follows the ‘American Rule’ and denies recovery of attorney’s fees absent a contract or statute to the contrary.” Police Comm’r of Boston v. Gows, 429 Mass. 14, 17 (1999). As there is no legal basis for the requested award, there was no error in the denial of Commerce’s request.[12]
The judgment for the plaintiff is vacated, and the case is returned to the Lowell *96 Division of the District Court Department for any further proceedings consistent with this opinion and for trial.
So ordered.

 In the first three paragraphs, the complaint factually states the nature of Advanced Spine’s business, the nature of Commerce’s business, and that “[o]n or about July 1, 2008, [its client] was an occupant of a motor vehicle that was involved in an accident in Massachusetts or was a pedestrian struck by a motor vehicle in Massachusetts.” It further alleges that the vehicle involved or which struck its client was insured under a Massachusetts automobile policy that provided PIP benefits. In *92 the following twenty-eight paragraphs (some 10-12 lines in length), the complaint, in form language that is conclusory in nature, sets out four theories of recovery. In its breach of contract claim, Advanced Spine does allege that it rendered medical treatment to Commerce’s insured for injuries suffered in the accident, and that it submitted bills and records to Commerce.
We note that to survive a motion to dismiss based on a failure to state a claim for relief, there must be enough factual substance in the complaint to show entitlement to the relief requested. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). No motion to dismiss was filed in this case.

 General Laws c. 90, §34M, fourth par., allows an insurer to refuse to make PIP payments to a health provider for services it has rendered where the insurer’s denial is “based solely on a medical review of the bill or of the medical services underlying the bill” and the review was conducted by a practitioner who holds a license the same as “the practitioner who submitted the bill for medical services.”

 On the date that the complaint was filed, Commerce made a payment of $1,600.00 to another provider.

 Pursuant to G.L.c. 90, §34A, a PIP insurer is responsible only for the first $2,000.00 of medical-related expenses if the injured party has a health insurer and that health insurer covers the expenses. Medical-related expenses not covered are the responsibility of the PIP carrier up to $8,000.00.

 Section 34M authorizes a medical provider who submits bills to a PIP insurer and who remains “unpaid for more than thirty days” to bring an action in contract against the insurer.

 Advanced Spine sought a damages award of $3,960.00, which included $100.00 in interest. This amount was trebled. The record indicates that Advanced Spine billed $5,995.00 for services and was paid $2,786.00 by Commerce. It appears that the balance owed, exclusive of interest, was $3,209.00.

 Rule 26(b) (5) provides in relevant part: “When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as material prepared in anticipation of litigation or for trial, the party shall make the claim expressly and, without revealing information that is privileged or protected, shall prepare a privilege log....”

 The Appeals Court cited these factors in the context of the sanction of default imposed pursuant to Rule 37(b) (2). The Rule addresses the range of actions a court may impose where a party fails to comply with a discovery order of the court. While the trial court had the “inherent authority” to enter the sanction imposed as part of its authority “to maintain the integrity of the judicial process,” Reznik v. Garaffo, 2008 Mass. App. Div. 58, 61, Rule 37 (b) (2) discovery sanctions must be “just.” Advanced Spine requested no discovery order following its receipt of Commerce’s response to its document discovery request. Nor did it request a continuance of the trial so that it could pursue late discovery. These facts were relevant even in this instance of an eleventh hour production of documents previously undisclosed and the court’s contemplation on the day of trial of an appropriate sanction for the delayed discovery.

 Although Rule 37(b)(2)(C) specifically allows the sanction of default, the rule sets out the following more limited sanctions for discovery violations: (1) designating that the matter sought in discovery be admitted; (2) the entry of an order preventing a party from supporting or opposing a claim or defense; (3) the entry of an order preventing the admission of designated material into evidence; (4) the striking of pleadings or parts of pleadings; (5) the entry of the stay of the proceedings; and (6) the award or reasonable attorney’s fees caused by the discovery failure.

 The denial of a motion for partial summary judgment is not reviewable on appeal after a trial on the merits. Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118,126 (1986). And Advanced Spine’s §34M claim has been withdrawn. The claim involved the novel issue of priority of payments or priority of claims, and the record did not include the dates that Advanced Spine submitted its bills and the dates the bills of other providers were submitted. In any event, we express no view on the issue of priority of payments.

 Advanced Spine does not contest the accuracy of the assertion that it withdrew its §34M claim. Although the trial date transcript does not affirmatively indicate that Advanced Spine withdrew the claim, the judge wrote on his motion in limine ruling that the §34M claim had been withdrawn. We assume that Advanced Spine’s restraint of trade claim, see G.L.c. 93, §12, was also withdrawn.

 General Laws c. 231, §6F permits the award of reasonable attorney’s fees and costs where a claim is “insubstantial, frivolous and not advanced in good faith.” It is, however, inapplicable to actions brought in the district court. Tilman v. Brink, 74 Mass. App. Ct. 845, 853 (2009).