Swan, J.
In March, 2006, James Kartell, M.D. (“Kartell”) delivered his Lincoln Town Car to Gary M. Geane (“Geane”) for repairs. Geane gave Kartell an estimate, and soon asked for a deposit of $3,500.00, adding that he had already bought $2,000.00 worth of parts. Kartell paid Geane the requested $3,500.00. Two months later, Geane asked for another $1,344.95, which Kartell also paid. Nine months went by, but the car was not returned. Kartell wrote three letters to Geane, demanding his car back, and threatening to call the police. In May, 2007, Geane returned the car, unrepaired. In September, 2009, Kartell’s attorney sent to Geane a G.Lc. 93A demand letter, alleging that Geane had charged for repairs that were not done, in violation of 940 CMR 5.00 et seq., and demanding payment of the sum Kartell had paid for the repairs and incidental expenses he had incurred. The letter went unanswered.
Kartell sued Geane for breach of contract, fraud, and violation of G.L.c. 93A. Geane was properly served, but defaulted. At a hearing for the assessment of damages, Kartell submitted documentation memorializing these events, as well as a motion for judgment in the amount of $5,794.95, the total of (1) the amount paid for repairs not made, $4,844.95, (2) the cost of transporting the car to Geane, $350.00, and (3) the loss of use of the car for one year, $600.00. Kartell also requested multiple damages, attorney’s fees in the sum of $2,717.50, and costs. The judge endorsed the motion, “Assessment of Damages for $5,794.95 plus interest & costs,” and made no other findings. Kartell has appealed that judgment, and argues that the trial court was required to award double damages and attorney’s fees.
Clearly, “[ajccording to current rules of pleading, the question of a complaint’s sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory.” Multi Technology, Inc. v. Mitchell Mgt. Sys., Inc., 25 Mass. App. Ct. 333, 335 (1988). The complaint alleged the foregoing facts, describing the commission, among other things, of an unfair and deceptive act or practice by an auto “repair shop to charge a customer for repairs which have not actually been performed.” 940 CMR 5.05(10). The complaint also alleged Kartell’s sending of a G.L.c. 93A demand letter and Geane’s failure to respond. The letter warned Geane that the failure to “respond may result in the imposition by the Court of multiple damages and reasonable attorney’s fees.” Geane “by virtue of the default admitted the factual allegations [of the complaint]... for purposes of establishing liability.” *161 Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667, 676 (2001).
A successful plaintiff in a G.Lc. 93A case is entitled (1) to multiple damages if the deceptive act or practice of the defendant is wilful or knowing,[1] and (2) to attorney’s fees, unless a reasonable offer of settlement is made in response to the demand letter and the offer is rejected.[2] The trial court awarded neither.
As the Appeals Court noted in Multi Technology, Inc., supra at 336-337, the “problem raised by the award of multiple damages” in that case was that
the complaint [did] not expressly allege that the defendant’s violation of G.L. c. 93A was knowing or wilful.... For multiple damages to be awarded, therefore, a c. 93A complaint must allege that the violation was wilful or knowing unless there is something else in the complaint, beyond a mere recitation of facts supporting an inference only of a violation of G.L.c. 93A, which provides a defendant with fair notice of a multiple-damage claim.
Id. at 336-337. Kartell’s complaint nowhere alleged that the G.Lc. 93A violation was knowing or wilful. Moreover, while a prayer for multiple “damages under the c. 93A count, if less satisfactory than a direct allegation, [is] a minimally adequate substitute for the use of the words ‘knowing’ and ‘wilful,’” id. at 337, Kartell failed to request multiple damages. Even if we could infer an allegation of a knowing violation in the complaint[3] or treat the demand letter’s threat of multiple damages as a prayer, “the entitlement of a plaintiff to double or triple damages because of the wilfulness *162 of a defendant is treated as a question relating to damages and, therefore, is not precluded by a default.” Marshall, supra at 677. Such a determination requires a hearing. In Multi Technology, Inc., supra, the “actual damages the judge found to have resulted from the G.L.c. 93A violation coincided with the amount owed on the contract. ... He doubled that amount. To support the award of double damages under §11 of G.L.c. 93A, the judge made findings that the violations were knowing and wilful.” Id. at 336. See Bissanti Design/Build v. McClay, 32 Mass. App. Ct. 469, 471 (1992), citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (“[Pjunitive damages cannot be fixed without an evidentiary hearing to determine how egregious was the conduct of the defendant.”). No transcript of the assessment hearing is in the record on appeal; nor did Kartell file requests for findings of fact or rulings of law, pursuant to Mass. R. Civ. R, Rule 52 (c). Without a record or any preservation of the issue, we can find no error in the judge’s award of only single damages.
Attorney’s fees, however, rest on a different footing. Section 9(4) of G.L.c. 93A requires an award of attorney’s fees if, as here, the defendant fails to respond to a demand letter and the plaintiff prevails on his G.L.C. 93A claim. While the judge at the assessment hearing was not obligated to award fees in the amount requested by Kartell, see Plasko v. Orser, 373 Mass. 40, 43-44 (1977), she was required to award attorney’s fees based on a consideration of the factors set forth in Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
Accordingly, the judgment for the plaintiff is vacated, and the case is returned to the trial court for a determination and award of attorney’s fees consistent with this opinion. Judgment shall then be entered for the plaintiff in the amount of single damages, attorney’s fees, interest, and costs.
So ordered.

 General Laws c. 93A, §9(3) provides: “[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim.”

 General Laws c. 93A, §9(4) states: “If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney’ fees and costs incurred in connection with said action; provided, however, the court shall deny recovery of attorney’ fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section.”

 For example, given the allegation in the complaint, admitted by default, that Geane “fraudulently induced [Kartell] to deliver his car to [Geane] and to make an initial payment to [Geane] of $3,500.00, followed by a second payment of $1,344.95, without any intent of performing the agreed upon repairs,” one might ask, how could Geane do so other than knowingly?