Singh, J.
Without presenting any evidence at trial, plaintiff Advanced Spine Centers, Inc. (“Advanced Spine”) obtained a judgment against defendant Commerce Insurance Company (“Commerce”) for personal injury protection (“PIP”) benefits pursuant to G.L.c. 90, §34M, double damages pursuant to G.L.c. 93A, §11, and attorney’s fees under both statutes. Commerce appealed. Because the trial judge erred in absolving Advanced Spine of its burden of proof, we vacate the judgment and return the case for a new trial.
Advanced Spine brought this action on April 22, 2009 to recover fees for chiropractic services rendered to its patient (the “claimant”) following an October 29, 2004 accident in which the claimant alleged he had been injured while riding as a passenger in a motor vehicle insured by Commerce. Commerce denied the claim on the basis that the claimant had made material misrepresentations, including the specific assertion that there had been four occupants in the insured vehicle. The police officer who had responded to the scene of the alleged accident reported only two occupants, both of whom denied injury. Later, four individuals, all brothers, claimed to have been injured occupants of the insured vehicle, and sought treatment with Advanced Spine.[1]
*213 On June 2, 2010, the day of the scheduled jury trial, counsel for Advanced Spine appeared with no witnesses and filed a motion in limine, urging the trial judge to rule that Advanced Spine had established a prima facie case as to its §34M and G.L.c. 93A claims for contract damages in the amount of $3,335.00, and, therefore, that the only issue to be tried to the jury would be Commerce’s affirmative defense. In support of its motion, Advanced Spine argued that Commerce’s pretrial conference memorandum identified only a single issue for trial, namely, whether the claimant had made material misrepresentations. The trial judge allowed Advanced Spine’s motion.
The parties proceeded to trial before a jury.[2] Advanced Spine rested after opening statements.[3] Commerce then presented four witnesses: the responding police officer and three of the four brothers who claimed to have been in the insured car at the time of the alleged accident. The officer testified that he observed only two individuals at the time of the accident, while the other three witnesses testified that all four brothers had been involved.[4] The trial judge denied Commerce’s motions for a directed verdict and allowed Advanced Spine’s motion for a directed verdict on Commerce’s affirmative defense.
Immediately following the jury trial, the parties proceeded to the c. 93A claim before the trial judge. Advanced Spine rested on the “prima facie effect of [its] case and the evidence that was produced before the jury.” Commerce moved for involuntary dismissal, but the trial judge denied the motion. Without making *214 any findings,[5] the trial judge awarded $6,670.00 in c. 93A damages, thereby doubling the contract damages, and later awarded attorney’s fees in the amount of $8,392.50. In this way, Advanced Spine was able to obtain a total judgment, including interest and costs, of $19,134.60 without producing any evidence at trial.
The trial judge erred in relieving Advanced Spine of its burden of proof. It is elementary that the plaintiff in a civil case has the burden of proving its case by a preponderance of the evidence at trial. Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940). See also Boehm v. Arbella Mut. Ins. Co., 2003 Mass. App. Div. 115, 116, quoting Sonogram of New England, Inc. v. Metropolitan Prop. & Cas. Ins. Co., 2002 Mass. App. Div. 68, 70 (“[Pjlaintiff bears the initial burden of proving that the loss for which he seeks compensation is within the risks covered by the insuring clause of the policy.”).
In its answer, Commerce denied each and every substantive allegation of Advanced Spine’s complaint. There were no motions prior to trial that served to narrow the issues. In their pretrial memoranda, each party noted that there were no facts established by pleadings, stipulations, or admissions.[6] Cf. Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170, 171 (parties bound by stipulations of fact in joint pretrial memorandum). Therefore, all factual matters were in dispute and Advanced Spine was required to present evidence to meet its burden of proof. See Provenzano v. Arbella Mut. Ins. Co., 2007 Mass. App. Div. 46, 47 (plaintiff health care provider’s burden in PIP claim is to prove that accident occurred, claimant’s injuries and related treatment were causally related to accident, Massachusetts automobile policy issued by defendant insurance company was in effect at time of accident, and bills for reasonable medical expenses due to plaintiff remained unpaid). Cf. Salafia v. Arbella Mut. Ins. Co., 2002 Mass. App. Div. 165 (as parties stipulated to every element of plaintiff’s case except whether any unpaid amounts constituted reasonable medical expenses, that was the sole issue for trial).
Thus, the trial judge erred in relieving Advanced Spine of its burden of proof at trial. As Advanced Spine presented no evidence at trial, it follows that the trial judge also erred in denying Commerce’s motion for a directed verdict. See Mass. R. Civ. R, Rule 50(a); Global Investors Agent Corp. v. National Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 827 (2010).
*215 The judgments in favor of Advanced Spine on both its G.L.c. 90, §34M and G.L.c. 93A claims are vacated. This case is returned to the Lowell Division of the District Court Department for a new trial.[7]
So ordered.

 Advanced Spine brought a separate action for PIP recovery with respect to each brother. The trial judge denied Commerce’s motion to consolidate the four actions for trial.

 In his preliminary remarks to the jury, the trial judge explained that he had “ruled that the contract action has been established by what’s called a prima facie degree. The Defendant disagrees that that, however, should control. And we will hear from the Defendant through its witnesses about how and why it feels that the Plaintiff’s prima facie; that is, good on its face, complaint and case ought not be allowed.”

 In his opening statement, counsel for Advanced Spine stated: “[T]he Plaintiff’s case has already been proven as a matter of law, so, I don’t have to put any evidence before you. ... This is not an unusual case from a procedural standpoint. The Defendant’s going to have the burden of proof. And you’re going to be asked to answer a single question really. And that question is did [the claimant] make a material misrepresentation to Commerce in the presentation of his claim.”

 The trial judge sustained objections to any question Commerce posed to elicit testimony concerning misrepresentation, the sole issue before the jury. Commerce was also not permitted to argue in opposition to the lodged objections or to make an offer of proof at sidebar. As an offer of proof serves both to (1) assist the trial judge in making a correct ruling and (2) enable an appellate court to determine whether an error was made and, if so, how harmful it was, see Commonwealth v. Chase, 26 Mass. App. Ct. 578,581 (1988), a trial judge should ordinarily allow counsel to make such an offer. See Mass. G. Evid. §1.03 (a) (2) (2011) (offer of proof necessary to preserve objection to excluded evidence unless substance of evidence is apparent from context within which questions were asked).

 Commerce had submitted 22 requests for findings and 21 requests for rulings, but the trial judge refused to accept them unless Commerce abandoned all but “four or five” requests. As Commerce submitted its proposed findings and rulings in accordance with Mass. R. Civ. R, Rule 52 (c), the trial judge was required to find the facts and state his conclusions of law.

 Contrary to Advanced Spine’s argument to the trial judge, Commerce’s pretrial conference memorandum did not stipulate that there was only a single issue to be tried to the jury. Rather, in a section entitled “Summary of Defenses,” the memorandum set forth Commerce’s defenses.

 Commerce’s request for appellate attorney’s fees and costs is denied as it has failed to provide this Division with any statutory or contractual entitlement to such fees and costs. Cf. Beal Bank, SSB v. Enrich, 448 Mass. 9, 14 (2006) (appellate fees and costs allowed under contractual provision); Yorke Mgt. v. Castro, 406 Mass. 17, 19-20 (1989) (appellate fees and costs allowed under statutory provision).