Swan, J.
We commence with the opening words of our decision in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212, (issued September 9, 2011) (“Advanced Spine 11-10003”): ‘Without presenting any evidence at trial, plaintiff Advanced Spine Centers, Inc. (‘Advanced Spine’) obtained a judgment against defendant Commerce Insurance Company (‘Commerce’) for personal injury protection (‘PIP’) benefits pursuant to G.L.c. 90, §34M, double damages pursuant to G.L.c. 93A, §11, and attorney’s fees under both statutes. Commerce appealed. Because the trial judge erred in absolving Advanced Spine of its burden of proof, we vacate the judgment and return the case for a new trial.” History swiftly repeated itself as the appeal now before us involves the same parties, the same law firms, the same trial court, the same trial judge, and the same issues raised and decided in Advanced Spine 11-10003.
On October 20, 2003, a vehicle of an unspecified nature[1] backed up in a parking lot at a Boys and Girls Club and hit Santa Subira’s car. Her daughter, eight year old Zimary Diaz (“Zimary”), was in the car and was injured. Zimary was treated for those injuries by Advanced Spine.[2] A claims adjuster at Commerce, which insured the car, sent for completion a blank application for PIP benefits to Zimary, in care of her parents, on November 17, 2003. The adjuster sent a second blank application to Zimary, in care of her mother, on December 29,2003. No completed application was received by Commerce. Accordingly, on February 9, 2004, Commerce sent a notice of denial of PIP benefits to Zimary’s mother. Meanwhile, Advanced Spine sent bills for PIP reimbursement to Commerce, the last of which was sent on February 13, *254 2004. A completed PIP application was finally received by Commerce on February 24, 2004, but bills from Advanced Spine to Commerce remained unpaid.[3]
Five years elapsed. No action was taken by Advanced Spine, as an unpaid party, to collect on the PIP claim until April 8,2009, when it commenced this action against Commerce for its alleged violations of G.L.c. 90, §34M, G.L.c. 93, §12, and G.L.c. 93A, §11. Commerce filed an answer denying all substantive allegations, except its identity and the nature of its business, and raising numerous affirmative defenses, including the failure of the injured party to comply with the obligations of G.L.c. 90, §34M and the statute of limitations. Immediately thereafter, despite its defenses, Commerce made a “business decision” to settle the claim, and sent to Advanced Spine’s attorney a check for the amount demanded, $3,545.00. The check was neither cashed, nor returned; and Advanced Spine declined to dismiss the case.
Nine months into the case, Commerce filed a Mass. R. Civ. P., Rule 56, motion for summary judgment on the grounds, among others, that full payment had been made and that no amount was due and payable under Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001); that no violation of G.L.c. 93A occurred from nonpayment because of the failure to file a timely PIP application; and that the G.L.c. 93A count was precluded by the statute of limitations. As to the last argument, Commerce contended that its G.L.c. 93A violation arose, if at all, upon the passage of thirty days after it received the last bill from Advanced Spine and made no payment on the same in compliance with G.L.c. 90, §34M, and that any action thereafter needed to be commenced within four years, which this case was not. Advanced Spine filed no affidavit in response. The court denied the motion.
On the day of trial, one year later, Commerce raised these matters again in a motion in limine, requesting that Advanced Spine be precluded from offering evidence in contradiction since it failed to do so in opposition to the summary judgment motion, and that judgment therefore enter for Commerce on all counts. The court denied the motion.
Advanced Spine also filed a motion in limine that all elements of its G.L.c. 90, §34M and G.L.c. 93A, §11 claims be deemed conclusively established. The basis for the motion was that in responding to Advanced Spine’s request for production of documents, Commerce interposed general objections based on relevance and privilege. Further, according to Advanced Spine, Commerce, in its pretrial memorandum, did not raise an issue of the occurrence of an accident and conceded that it issued the pol *255 icy in question, and that these matters should be deemed admitted. In fact, however, despite its general objections, Commerce did produce documents via its response and a supplemental response. Further, Commerce’s pretrial memorandum admitted to neither a policy, nor an accident, but stated only that these matters had been alleged in the complaint. The trial court nevertheless allowed the motion. After opening statements to the jury, Advanced Spine rested. The court denied Commerce’s motion for a directed verdict and, in turn, directed a verdict for Advanced Spine, awarding damages of $2890.00. On the G.L.C. 93A count, heard jury waived, Advanced Spine rested, and Commerce moved for a “directed verdict.”[4] The motion was denied. Commerce called two of its employees as witnesses on the issues of noncooperation and payment. The court struck the testimony of one of the witnesses,[5] and on a later date awarded Advanced Spine double damages and attorney’s fees.[6]
We stated in Advanced Spine 11-10003:
The trial judge erred in relieving Advanced Spine of its burden of proof. It is elementary that the plaintiff in a civil case has the burden of proving its case by a preponderance of the evidence at trial. ... In its answer, Commerce denied each and every substantive allegation of Advanced Spine’s complaint. There were no motions prior to trial that served to narrow the issues. In their pretrial memoranda, each party noted that there were no facts established by pleadings, stipulations, or admissions. Therefore, all factual matters were in dispute and Advanced Spine was required to present evidence to meet its burden of proof. Thus, the trial judge erred in relieving Advanced Spine of its burden of proof at trial. As Advanced Spine presented no evidence at trial, it follows that the trial judge also erred in denying Commerce’s motion for a directed verdict (citations omitted).
Id. at 214. As Advanced Spine 11-10003 involved the same parties in the same court using the same procedure as used in this case, we make the same ruling.
Moreover, if the rationale for directing a verdict for Advanced Spine was to sanction Commerce for not fully complying with Advanced Spine’s request for production of documents, it is unclear whether there was any noncompliance, since it is not known what, if any, documents were withheld, and no motion to compel production was filed. And, in any event, if there was any noncompliance ■with discovery *256 requests, such an extreme sanction as a “directed verdict” was inappropriate when lesser sanctions were available. As we said in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91, 94-95 (No. 10-ADMS-10053, issued May 4, 2011), and once again in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 197, 200 (No. 11-ADMS-10006, issued August 18, 2011):
[Sanctions are subject to an examination under principles of due process. Gos v. Brownstein, 403 Mass. 252, 257 (1988).... Relevant factors in a due process examination include: “the degree of culpability of the non-producing party; the degree of actual prejudice to the other party; whether less drastic sanctions could be imposed; the public policy favoring disposition of the case on the merits; and the deterrent effect of the sanction.” Keene v. Brigham & Women’s Hosp., Inc., 56 Mass. App. Ct. 10, 21 (2002)j S. C., 439 Mass. 223 (2003). The judge’s action in this case did not comport with the requirements of due process.... The judge articulated no reason for finding that the deterrent effect of imposing the “extreme” or “drastic” sanction was warranted.
Prior to returning the case for a new trial, we address the statute of limitations governing G.L.c. 93A claims. The alleged violation in this case was nonpayment of the PIP claim. The last bill from Advanced Spine was received by Commerce on February 13, 2004. Section 34M of G.L.c. 90 allows an unpaid party, here Advanced Spine, to commence an action after the passage of thirty days without the claim being paid. As the G.L.c. 93A claim arises from the PIP claim, the cause of action for both claims accrued, at the latest, on the thirty-first day after the last bill was received, or March 15, 2004. A G.Lc. 93A action must be commenced “within four years next after the cause of action accrues.” G.L.c. 260, §5A. Because this action was not commenced within four years, Advanced Spine’s G.L.c. 93A claim was untimely. Commerce preserved this defense, repeatedly, in its answer, its motion for summary judgment, its requests for rulings of law,[7] and at trial in its motion in lim-ine for judgment. The trial judge erred in denying the motion for judgment.[8]
For the reasons stated, the case is returned to the trial court for a new trial on the G.L.c. 90, §34M claim only.[9]
So ordered.

 Because of the truncated nature of the trial, discussed below, the background facts herein outlined are premised upon what Advanced Spine presumably would have demonstrated at trial and are gleaned from affidavits and pleadings in the record appendix.

 Often called First Spine and Rehab, an apparent trade name, in documents in the record appendix.

 While Commerce’s decision to deny the claim in this case for failure to file a completed PIP application “as soon as practicable after the accident” as required by G.L.c. 90, §34M was made four years before the decision in Boffoli v. Premier Ins. Co., 71 Mass. App. Ct. 212 (2008) (holding that “an insurer must demonstrate prejudice when denying PIP benefits because of the late filing of the application for such benefits, provided that the application is filed within two years after the accident”), it is unclear why Commerce made no payments. An independent medical examination of Zimary had been conducted at Commerce’s behest, and Commerce, thus, had knowledge of the extent of her injury. But, as indicated below, Advanced Spine exercised abundant laxity in vindicating its rights.

 In a district court civil case tried without a jury, a motion for a “directed verdict” is an “anomaly.” The proper motion is one pursuant to Mass. R. Civ. E, Rule 41 (b) (2), for involuntary dismissal. Farese v. Floramo, 2010 Mass. App. Div. 240, 243, quoting Skowranski v. Sachs, 62 Mass. App. Ct. 630, 632-633 (2004).

 The reason for striking was that a produced document was a copy of an original and had an arguably illegible date stamp.

 Commerce had submitted requests for written findings of fact and rulings of law, mandating the court to find facts and state conclusions of law, Mass. R. Civ. R, Rule 52 (c), but the court did not do so, concluding that they were deemed waived and not compliant with Rule 52.

 A separate request for a ruling of law relating just to the statute of limitations, G.L.c. 260, was filed by Commerce. No copy is reproduced in the record appendix, but it is referenced on the docket sheet.

 The complaint also contained a count under G.L.c. 93, §12, but Advanced Spine did not pursue it. That claim, however, is also time-barred by a four-year statute of limitations, G.L.c. 93, §13, and should also have been dismissed for that reason.

 Commerce’s request for appellate attorney’s fees and costs is denied as it has failed to set forth any statutory or contractual entitlement to such fees and costs. See Beal Bank, SSB v. Eurich, 448 Mass. 9, 14 (2006) (appellate fees and costs allowed under contractual provision); Yorke Mgt. v. Castro, 406 Mass. 17, 19-20 (1989) (appellate fees and costs allowed under statutory provision).