Swan, J.
For the fifth time in twelve months, we review a case where the trial judge absolved the plaintiff, Advanced Spine Centers, Inc., of its burden of proof and directed a verdict in the plaintiffs favor. For the fifth time, we reverse.
The facts as alleged are briefly summarized.[2] On December 22, 2006, Chanserey Srey (“Chanserey”)[3] was injured in a car accident. The car, which Chanserey was driving, was owned by his father, Sarith Srey (“Sarith”), and insured by Arbella Mutual Insurance Company (“Arbella”). On January 15,2007, Arbella received from Chanserey a completed application for Personal Injury Protection (“PIP”) benefits and an affidavit of no health insurance. The insurance policy issued by Arbella provided that PIP benefits would be paid to “[Sarith], or any other person, if injured while occupying [Sarith’s] auto with [Sarith’s] consent.” In the weeks following the accident, Arbella conducted examinations under oath of Chanserey and Sarith, in which it was revealed that Chanserey did not have permission from Sarith to operate the car. In the examination, Chanserey stated that an unknown vehicle hit his car, causing him to lose control and crash into a fence and telephone pole. The police report, however, indicated that no other vehicle was involved. On March 7, 2007, Arbella notified Chanserey in writing that the claim for PIP benefits was being denied on the grounds that Chanserey did not have Sarith’s consent to drive the car, and that the accident did not occur as Chanserey stated. Advanced Spine Centers, Inc., doing business as First Spine and Rehab (“Advanced Spine”), provided chiropractic services to Chanserey, and, as an unpaid party, commenced this action to collect PIP benefits for those services under G.L.c. 90, §34M, and damages pursuant to G.L.C. 93 and c. 93A.
After ten months of discovery and pretrial proceedings, the case went to trial on October 27,2010. Prior to jury impanelment, Advanced Spine presented a motion in limine to the court, requesting that its case be established as proved, namely, that Chanserey was injured in an accident, that he was entitled to PIP benefits under a *107 policy issued by Arbella, that he was provided necessary treatment by Advanced Spine, and that Advanced Spine’s bills were reasonable in amount and were unpaid. In support of its motion, Advanced Spine stated that Arbella had not produced requested documents; and that in its pleadings, Arbella had admitted to the occurrence of an accident, the necessity of the treatment, the reasonableness of the costs, and nonpayment. Arbella responded that it had disclosed everything requested. The court allowed the motion that Advanced Spine’s case was established, and the jury was so instructed. Arbella called as its witnesses Chanserey, Sarith, and Arbella’s claims investigator, but the court sustained all objections to questions relating to the lack of permission to drive. Each time an objection was sustained, Arbella’s counsel asked to make an offer of proof. In most instances, the judge replied, “In due course.” Only at the end of each witness’ testimony was Arbella’s counsel allowed to make an offer of proof, presumably at sidebar. The offers of proof are not preserved on the record.[4] The court directed a verdict for Advanced Spine on its PIP claim, including Arbella’s affirmative defense on nonpermissive use.[5] At a later hearing, attorney’s fees were assessed, and a judgment for Advanced Spine entered.[6]
As for the alleged discovery violations, we have faced these facts before, in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91, again in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 197, once again in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212, and then yet again in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 253. We need not reanalyze any further other than to note that directing a verdict for Advanced Spine was an extreme and improper sanction against the insurer for not fully complying with Advanced Spine’s request for production of documents, especially where, as here, “it is unclear whether there was any non-compliance, since it is not known what, if any, documents were withheld, and no motion to compel production was filed.” Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 253, 255. Indeed, unlike Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91 and 2011 Mass. App. Div. 197, where the insurer made untimely disclosures on the very eve of trial, Arbella stated in response to the motion in this case that it had not withheld any evidence. Advanced Spine offered no refutation.[7]
*108 In its motion in limine, Advanced Spine also argued that Arbella, in its pleadings and pretrial memorandum, had admitted to the elements of the plaintiffs case. “Proof of [the unpaid party’s] claim required evidence that (1) an accident occurred, (2) [the injured party’s] injuries and his related treatment by [the unpaid party] were causally related to the accident, (3) a Massachusetts automobile liability policy issued by Arbella and covering the vehicle involved in the accident was in effect on the accident date, and (4) there are unpaid amounts due to [the unpaid party] for the treatment he provided.” Provenzano v. Arbella Mut. Ins. Co., 2007 Mass. App. Div. 46, 47. There is no real dispute that Arbella issued a policy. But nowhere did it admit to treatment or an accident. Indeed, it referred in its pretrial memorandum to “treatment plaintiff allegedly rendered to Chanserey Srey (patient) arising from an alleged motor vehicle accident of December 22,2006” (emphasis added).
Finally, Advanced Spine finds significance in Arbella’s answer denying paragraph 12 of the complaint, which stated that Arbella “was obliged to promptly submit the plaintiff’s bills and records to a medical practitioner licensed under the same section of G.L.c. 112 as the plaintiff for review as a predicate to refusing to pay the bills in full, but in breach of said obligation, the defendant did not do so. And, the breach of said obligation is a regular business practice of the defendant.” Arbella’s denial, argues Advanced Spine, coupled with Arbella’s later affirmative defense that the “insurer’s determination to pay reasonable fees for necessary medical treatment may not be the basis for a subsequent G.Lc. 93A or c. 176D claim,” somehow constitutes an admission that the bills and records had been received, presented for review, and then not paid. As complaint paragraph 12 alleges a brace of misdeeds, namely Arbella’s breach of its statutory obligation and its regular practice of breaching that duty, paragraph 12 “reasonably elicited a denial of the entire averment.” Lynn Physical Therapy, Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 107, 109. Arbella’s denial was an admission of nothing.
The case must be returned to the trial court so that a full trial on the merits may be had, Advanced Spine may be called to meet its burden of proof, and Arbella may present its defense of nonpermissive use.
Accordingly, judgment for the plaintiff is vacated, and the case is returned to the Lowell District Court for a new trial on all counts.
So ordered.

 The trial was truncated, so the facts summarized have been gleaned from affidavits, pleadings, and other materials in the record appendix.

 Because of the commonality of family names, the first names of Chanserey Srey and his father, Sarith Srey, are herein used.

 Inexplicably, each offer of proof is entered on the transcript parenthetically as “(Discussion off the record.).”

 At the beginning of trial, Advanced Spine’s counsel stated a likelihood of waiving its G.L.c. 93 and c. 93A claims. The record reflects no waiver, but those claims were, in any event, not tried.

 Due to the trial judge’s subsequent disability, a different judge assessed the damages and attorney’s fees on the basis of the trial judge’s directed verdict.

 Speculating about what should have been disclosed, Advanced Spine argued that, in Arbella’s answer, one of the many affirmative .defenses raised was that the PIP benefits had been exhausted under G.L.C. 90, §34A, and that Arbella was required to disclose the payments made to the injured parly’s medical providers. The defense was clearly raised to comply with Mass. R. Civ. R, Rule 12 (b), to prevent a waiver should the defense prove viable. The fact that exhaustion of benefits was not mentioned in the pretrial memorandum indicates that the defense was not being pursued. Arbella was under no obligation to make disclosures of a nonexistent affirmative defense.