Greco, P.J.
This is yet another in the series of cases between the same parties where “[wjithout presenting any evidence at trial,... Advanced Spine Centers, Inc.... obtained a judgment against... Commerce Insurance Company... for personal injury protection (‘PIP’) benefits pursuant to G.L.c. 90, §34M, double damages pursuant to G.L.c. 93A and attorney’s fees under both statutes.” Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212. In this case, Commerce Insurance Company (“Commerce”) argues that the trial court erred in denying its motion for summary judgment; in improperly allowing the motion in limine of Advanced Spine Centers, Inc. (“Advanced Spine”), and thereby ruling that Advanced Spine had “conclusively established” its case; and in effectively precluding Commerce from presenting any meaningful evidence at trial.
A discovery dispute triggered the filing of the motion in limine. Advanced Spine contended that Commerce failed to respond adequately to its request for the production of documents. In response, Commerce argued that Advanced Spine’s discovery requests were overbroad, and that, in any event, it had complied with the requests as best it could. Advanced Spine’s request for production of documents contained a total of forty-four requests. However, in many of the requests, multiple responses were sought. For example, Request No. 1 sought, except for work product or privileged communications, “all signed or unsigned written statements pertaining to any facts alleged in the Complaint made by any party or witness including, but not limited to any and all statements made by agents, servants or employees of the defendant, the plaintiff, the patients, the patient’s attorneys, medical providers, medical professionals, investigators, employers of the patients, or any other factual witnesses or persons with knowledge of discoverable information.” While there were many conventional and reasonable requests, many more were comparable to No. 1. Commerce made responses to all of them, some more substantive than others. The record also contains specific items that Commerce furnished to Advanced Spine, and Commerce’s response to Advanced Spine’s request for admissions of facts. Commerce also gave detailed answers to Advanced Spine’s interrogatories.
Advanced Spine complained specifically that Commerce failed to produce medical records from the Salem Hospital concerning treatment of the alleged injured party, i.e., the party treated by Advanced Spine and in whose shoes Advanced Spine stands in this case. Commerce took the position that records of treatment not related to the *154 bills at issue in this case would be privileged. Without ruling on such a claim, we note that, time and time again in PIP cases, Advanced Spine has failed to furnish medical records of the injured party and has simply given the insurer authorization to get them on its own. In this case, Advanced Spine obviously would have the ability to obtain the records, in essence, of its own client. Nevertheless, Advanced Spine filed its motion in limine in which it asked that its “prima facie case be conclusively established as to both its G.L.c. 90, §34M and G.L.c. 93A, §11 claims”; that Commerce’s defense be stricken; and that Commerce be precluded from presenting any documentary evidence or testimony concerning any documentary evidence. In these circumstances, the discovery sought by Advanced Spine was clearly over-broad, and should not have been the basis for the allowance of a motion in limine.
In any event, the dispositive issues surrounding the motion in limine have been previously reviewed and decided by this Appellate Division in prior appeals of essentially the same rulings by the same trial judge, in the same trial court, in cases involving the same two parties. For the same reasons stated in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91, 93-95; Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 197, 199-201; Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 253, 254-256; and especially in Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212, 213-214, the trial court’s allowance of Advanced Spine’s motion for a directed verdict is vacated.
We need not address the rulings on Commerce’s motion for summary judgment. As Advanced Spine argued, “the denial of motions for summary judgment and partial summary judgment will not be reviewed on appeal after a trial on the merits.” Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 126 (1986). As stated in Deerskin Trading Post, Inc., “[t]he merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial than on the record in existence at the time the motion for summary judgment was denied.” Id. While there was no proceeding in this case that could be considered a trial “on the merits” at which Commerce was allowed to present meaningful and relevant evidence, presumably Commerce will have such an opportunity upon our return of this case to the trial court.
Accordingly, the judgments entered for Advanced Spine on both its G.L.c. 90, §34M claim and related G.L.c. 93A claim are vacated, and this case is returned to the Lowell District Court for trial.
So ordered.