Singh, J.
Plaintiff Excel Physical Therapy, Inc. (“Excel”) filed this action to recover payments for personal injury protection (“PIP”) benefits pursuant to G.L.c. 90, §34M. Defendant Commerce Insurance Company (“Commerce”) has appealed the trial court’s allowance of summary judgment in favor of Excel. We agree that summary judgment should not have been entered, and return the case for trial.
This case arises out of an alleged automobile accident on January 24,2005. Excel claimed that one of its patients was a passenger in the involved automobile, which was insured by Commerce. After conducting an investigation of the case, during which Excel’s patient failed to submit to an examination under oath and the driver of the other car indicated that the patient was not in the insured vehicle at the time of the alleged accident, Commerce denied Excel’s claim on December 7,2005. Excel filed this action on July 29,2009, and commenced discovery. In answer to certain discovery requests for information regarding Commerce’s assertion that it was not obligated to pay Excel’s bills, Commerce replied that the information requested by Excel was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. On the basis of Commerce’s discovery response, Excel moved for summary judgment, arguing that it had no obligation to present any evidence at trial regarding its entitlement to be paid because Commerce had conceded that information that it was not so entitled was irrelevant.[1] The trial court allowed the motion.
As Commerce correctly points out, its objection to Excel’s discovery requests on the ground of relevance did not amount to a binding judicial admission, precluding Commerce from asserting relevance at alater point. See Quinn v. Mar-Lees Seafood, LLC, 69 Mass. App. Ct. 688, 697 (2007) (judicial admission is proposition of fact in form of acts or declarations during course of judicial proceedings that conclusively *181 determines an issue). Commerce’s assertion that certain evidence was irrelevant was a conclusion of law not susceptible of treatment as a judicial admission. See id. Nor did Commerce take impermissibly inconsistent legal positions so as to render judicial estoppel applicable. See Bay State Gas Co. v. Department of Pub. Utils., 459 Mass. 807, 818 (2011) (judicial estoppel bars party from asserting position directly inconsistent with position asserted and accepted by court in prior proceeding). There was no prior proceeding in which Commerce had successfully convinced the court to accept its contrary position. Thus, the trial court erred in allowing Excel’s motion for summary judgment based on Commerce’s response to certain discovery requests.[2]
Summary judgment for Excel is vacated, the allowance of Excel’s summary judgment motion is reversed, and this case is returned to the Lowell District Court for trial.
So ordered.

 Excel initially presented the motion as a motion in limine on the day of trial, seeking judgment to be entered in its favor as a discovery sanction. We have previously indicated the inappropriateness of this approach and need not repeat it here. See Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212; Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 197; Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 91. As the trial was continued, Excel converted the motion in limine into a motion for summary judgment.

 Because we return the case to the trial court, we need not resolve Commerce’s remaining claims that the trial court abused its discretion in denying Commerce’s motion to amend its answer and erred in denying Commerce’s motion for summary judgment.